Z:\Katie\WP\Walker, Livingston\SDNY Pleadings\SDNY Complaint.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X     Civil Action,
LIVINGSTON WALKER and LINDA WALKER,        Docket No.:

                    Plaintiffs,

                                           **COMPLAINT**

          -against-                        **TRIAL BY JURY DEMANDED**

LC MAIN, LLC, ROGER & SONS CONCRETE,
INC. and "JOHN DOE" (name is fictitious
and intended to be an employee of ROGER
& SONS CONCRETE, INC.)

                    Defendants.
-------------------------------------X

**07 CV 7089**

**JUDGE LEISURE**

     Plaintiffs, LIVINGSTON WALKER and LINDA WALKER, by their

attorneys, BAILLY and McMILLAN, LLP, state their allegation upon

information and belief as follows:

RECEIVED
AUG 0 9 2007
U.S.D.C. S.D. N.Y.
CASHIERS

     1.    Plaintiff LIVINGSTON WALKER is an individual residing at

184 Primrose Avenue, Bridgeport, Connecticut 06606-2732.


     2.    Plaintiff LINDA WALKER is an individual residing at 184

Primrose Avenue, Bridgeport, Connecticut 06606-2732.


     3.    At all times material hereto, upon information and

belief, Defendant LC MAIN, LLC (hereinafter referred to as "LC")

was and is a domestic corporation duly organized, created and

existing under and by virtue of the laws of the State of New York,

with offices located at 115 Stevens Avenue, Valhalla, New York

                              1

10595.

4.    At all times material hereto, upon information and belief, Defendant LC was and is a foreign corporation duly authorized to conduct business in the State of New York with offices located at 115 Stevens Avenue, Valhalla, New York 10595.

5.    Upon information and belief, at all times material hereto, Defendant LC was and is an unauthorized foreign corporation doing business in the State of New York with offices located at 115 Stevens Avenue, Valhalla, New York 10595.

6.    Upon information and belief, at all times material hereto, Defendant ROGER & SONS CONCRETE, INC. (hereinafter referred to as "ROGER") was and is a domestic corporation duly organized, created and existing under and by virtue of the laws of the State of New York, and is authorized and licensed to do business under the laws of the State of New York with offices located at 1474 Route 55, Lagrangeville, New York 12540.

7.    Upon information and belief, at all times material hereto, Defendant ROGER was and is a foreign corporation duly authorized to conduct business in the State of New York with offices located at 1474 Route 55, Lagrangeville, New York 12540.

2

8.   Upon information and belief, at all times material hereto, Defendant ROGER was and is an unauthorized foreign corporation doing business in the State of New York with offices located at 1474 Route 55, Lagrangeville, New York 12540.

9.   At all times material hereto, upon information and belief, "JOHN DOE" (hereinafter referred to as "DOE"), is an individual residing in the State of New York.

10.   That the within claim for relief is based on diversity of citizenship of the parties.

11.   The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, pursuant to 28 U.S.C.1332.

### AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF LIVINGSTON WALKER AGAINST THE DEFENDANT

12.   At all times material hereto, Defendant LC owned the property located at 221 Main Street, White Plains, New York 10601 (hereinafter referred to as the "Premises").

13.   At all times material hereto, Defendant LC controlled the Premises.

3

14.   Upon information and belief, at all times material hereto, Defendant LC maintained the Premises.

15.   Upon information and belief, at all times material hereto, Defendant LC directed the construction at the Premises.

16.   Upon information and belief, at all times material hereto, Defendant LC supervised the construction at the Premises.

17.   Upon information and belief, at all times material hereto, Defendant LC controlled the construction at the Premises.

18.   At all times material hereto, Defendant LC hired GEORGE A. FULLER COMPANY (hereinafter referred to as "FULLER") as the general contractor for work done at the Premises.

19.   Upon information and belief, Plaintiff LIVINGSTON WALKER was employed by FULLER.

20.   Plaintiff was employed by FULLER to operate the hoist that carried materials and workers to the upper floors of the building being constructed on the Premises.

21.   Upon information and belief, at all times material

4

hereto, Defendant ROGER was hired as a subcontractor to perform masonry work at the Premises

22.  Upon information and belief, at all times material hereto, Defendant ROGER employed individuals to perform masonry work and operate machinery and equipment at the Premises.

23.  Upon information and belief, at all times material hereto, Defendant ROGER maintained equipment and machinery at the Premises.

24.  Upon information and belief, at all times material hereto, Defendant ROGER controlled the employees and individuals performing masonry work at the Premises.

25.  Upon information and belief, at all times material hereto, Defendant ROGER directed the employees and individuals performing masonry work at the Premises.

26.  Upon information and belief, at all times material hereto, Defendant ROGER supervised the employees and individuals performing masonry work at the Premises.

27.  Defendant ROGER hired Defendant DOE to work at the

5

Premises.

28.    On or about November 14, 2006 at approximately 2:00 p.m.,
at the ground level of Tower A on the Premises, Plaintiff
LIVINGSTON WALKER was operating a hoist, while within the scope of
his employment for FULLER.

29.    At the aforementioned time and place, due to the
negligence of the Defendant's employee, Defendant DOE, Plaintiff
was crushed by a motorized buggy when the operator, among other
things negligent,  drove the buggy onto the hoist causing the buggy
to collide with Plaintiff and pin Plaintiff against the back of the
hoist, causing serious, severe and permanent physical injuries.

30.    The  aforesaid  accident  and  resultant  injuries  to
Plaintiff were caused solely by the carelessness, negligence and
recklessness of the Defendants in the ownership, operation,
maintenance, direction, supervision, and control of the Premises,
without any culpable conduct or comparative negligence attributable
to the Plaintiff.

31.    As a result of the foregoing, Plaintiff LIVINGSTON WALKER
has sustained serious and permanent personal injuries, pain and
suffering and has become sick, sore, lame and disabled from

6

performing his usual and customary activities, as well as the duties associated with his occupation thereby sustaining past and future loss of earnings; has incurred, continues to incur, and will in the future incur medical care and treatment and the expenses resulting therefrom; and has further been deprived of the full and normal enjoyment of his life, all to his damage.

32. As a result of the foregoing and negligence of the Defendants, Plaintiff LIVINGSTON WALKER has been damaged in the sum of Three Million Dollars ($3,000,000.00).

### AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF LIVINGSTON WALKER AGAINST THE DEFENDANTS

33. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "32" of this Complaint as if more fully set forth herein at length.

34. Defendant ROGER, prior to hiring Defendant DOE, failed to investigate the qualifications, competency, capacity, abilities and capabilities of Defendant DOE.

35. Had Defendant ROGER investigated the qualifications, competency, capacity, abilities and capabilities of Defendant DOE, employment of Defendant DOE would not, or should not, have been

7

granted.

36.    Defendant ROGER, its agents, servants and/or employees failed to adequately train, monitor, supervise, test, inspect and examine DOE's performance of his duties.

37.    Upon information and belief, Defendant ROGER, through its agents, servants and/or employee had actual and/or constructive notice of Defendant DOE's deficiencies, but took no action despite the notice.

38.    The injuries sustained by Plaintiff were caused in whole, or in part, by the negligence of Defendant ROGER, its agents, servants and/or employees in that Defendant was negligent in, among other things, hiring, training, supervising, instructing, staffing and monitoring Defendant DOE; in failing to provide adequate personnel; in failing to provide safe and adequate equipment; in failing to staff sufficient and adequate personnel to monitor, supervise and insure the safety of the people on or around the Premises; in failing to monitor the performance of agents, servants, laborers and/or employees, including, but not limited to Defendant DOE; in failing to replace DOE after notice of his inability to perform his duties satisfactorily; and in otherwise being careless and negligent.

39. The aforesaid occurrence was caused in whole, or in part, by the negligence of the Defendants in hiring, retention and supervision of their employee, Defendant DOE.

40. As a result of the foregoing and negligence of the Defendants, Plaintiff LIVINGSTON WALKER has been damaged in the sum of Three Million Dollars ($3,000,000.00).

### AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF LIVINGSTON WALKER AGAINST THE DEFENDANT

41. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "32" and paragraphs "34" through "40" of this Complaint as if more fully set forth herein at length.

42. The aforesaid accident and injury to Plaintiff was caused by the Defendant's violations of the Labor Law of the State of New York.

43. As a result of Defendant's violation of the Labor Law of the State of New York, including, but not limited to, Section § 200 of the Labor Law, Plaintiffs have been damaged.

44. As a result of the foregoing and violations of the

9

Labor Law of the State of New York, Plaintiff LIVINGSTON WALKER
has been damaged in the sum of Three Million Dollars
($3,000,000.00).

### AS AND FOR A FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF LIVINGSTON WALKER AGAINST THE DEFENDANT

45.    Plaintiffs repeat and reallege each and every allegation
set forth in paragraphs "1" through "32", paragraphs "34" through
"40" and paragraphs "42" through "44" of this Complaint as if more
fully set forth herein at length.


46.    The aforesaid accident and injury to Plaintiff was caused
by the Defendant's violations of the Labor Law of the State of New
York and the New York Administrative Code.


47.    As a result of Defendants' violation of the Labor Law of
the State of New York, including, but not limited to, Section
§ 241(6) of the Labor Law, and Sections 12 NYCRR 23-1.2(b),(d) and
(e) and 12 NYCRR 23-1.5(a) of the New York Administrative Code,
Plaintiffs have been damaged.


48.    As a result of the foregoing and violations of the Labor
Law of the State of New York and the New York Administrative Code,
Plaintiff LIVINGSTON WALKER has been damaged in the sum of Three

10

Million Dollars ($3,000,000.00).

## AS AND FOR A FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF LINDA WALKER AGAINST THE DEFENDANT

49.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "32", paragraphs "34" through "40", paragraphs "42" through "44" and paragraphs "46" through "48" of this Complaint as if more fully set forth herein at length.

50.   At all times material hereto, Plaintiff LINDA WALKER was and is the lawful spouse of the Plaintiff LIVINGSTON WALKER.

51.   As a result of the foregoing and the negligence of the Defendant, Plaintiff LINDA WALKER sustained a loss of services, society, advice, support and consortium of her spouse LIVINGSTON WALKER, and has been deprived of his company and companionship.

52.   As a result of the foregoing, Plaintiff LINDA WALKER has been damaged in the sum of One Million Dollars ($1,000,000.00).

11

**WHEREFORE**, Plaintiffs LIVINGSTON WALKER and LINDA WALKER demand judgment as follows:

a.   A judgment against Defendants for the sum of Three Million Dollars ($3,000,000.00) on the First Cause of Action;

b.   A judgment against Defendants for the sum of Three Million Dollars ($3,000,000.00) on the Second Cause of Action;

c.   A judgment against Defendants for the sum of Three Million Dollars ($3,000,000.00) on the Third Cause of Action;

d.   A judgment against Defendants for the sum of Three Million Dollars ($3,000,000.00) on the Fourth Cause of Action;

e.   A judgment against Defendants for the sum of One Million Dollars ($1,000,000.00) on the Fifth Cause of Action; and

f.   Costs, disbursements, interests and attorneys' fees on all causes of action.


Dated:    White Plains, New York
          August 1, 2007

                              BAILLY and McMILLAN, LLP


                    By:_____
                       John J. Bailly  (4082)
                       Attorneys for Plaintiffs
                       244 Westchester Avenue
                       Suite 410
                       White Plains, NY  10604
                       (914) 684-9100

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

John J. Bailly, Esq. (4082)

### Defendant's Address:

LC MAIN, LLC
115 Stevens Avenue
Valhalla, New York 10595

ROGER & SONS CONCRETE, INC.
1474 Route 55
Lagrangeville, New York 12540

"JOHN DOE"
1474 Route 55
Lagrangeville, New York 12540

13